**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 25-00244-02

VERSUS                                                         JUDGE S. MAURICE HICKS, JR.

GABRIEL JACOBS                                     MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

Before the Court is the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (Record Document 53). Defendant Gabriel Jacobs ("Jacobs") has filed an Opposition (Record Document 81), and the Government has filed a Reply (Record Document 84). For the reasons which follow, the Court finds that the challenged other crimes/other acts evidence is admissible.

### FACTUAL BACKGROUND

The Superseding Indictment (Record Document 54) charges Defendant with possession of a firearm by a convicted felon, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking offense. These charges were the result of a search of a residence located at 909 Wilton Place on June 3, 2025. See Record Document 78 at 1. During the execution of that search warrant, law enforcement officers recovered multiple firearms, narcotics, and related items from the residence. See id. Firearms were located in various areas of the residence, including a bedroom where Jacobs was staying. See id.

The Government seeks to introduce evidence of a prior incident occurring in February of 2025, in Longview, Texas. See Record Document 53 at 1. According to the Government, Jacobs was found with two firearms in a vehicle after a traffic stop. See id.

at 2. During the stop, Jacobs provided false identifying information to officers and was ultimately arrested when his identity could not be verified. See Record Document 84 at 2. Following his arrest, officers conducted an inventory search of the vehicle and recovered two firearms located behind the driver's seat, one of which was reported stolen. See id. Jacobs was subsequently identified as a convicted felon and charged with possession of a firearm by a convicted felon. See id.

Jacobs opposes the admission of this evidence, arguing that the February 2025 incident is unrelated to the charged conduct, that there is insufficient proof that he possessed the firearms, and that the circumstances differ significantly from the present case. See Record Document 81 at 2–3. Jacobs emphasizes that the firearms were discovered after an inventory search, that multiple occupants were present in the vehicle, and that the firearms were located near another passenger who was not identified. See id. at 2. In response, the Government maintains that the prior incident is admissible to establish Jacobs's knowledge, intent, and absence of mistake. See Record Document 84 at 3.

## LAW AND ANALYSIS

### I.    Applicable Standards

Rule 404(b)(1) of the Federal Rules of Evidence provides a general prohibition on the admission of evidence of prior crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b)(2) states that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The Fifth Circuit in <u>United States v. Beechum</u>, 582 F.2d 898 (5th Cir. 1978) (*en banc*) provides the standard for evaluating all evidentiary questions under Rule 404(b). In <u>Beechum</u>, the Fifth Circuit held:

> What [Rule 404(b)] calls for is essentially a two-step test. First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

582 F.2d at 911. Under Rule 401, evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Under Rule 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## II.    Analysis

As an initial matter, the Court finds that the February 2025 incident constitutes extrinsic evidence, as it is not part of the same criminal episode as the charged conduct. <u>See</u> <u>United States v. Williams</u>, 900 F.2d 823, 825 (5th Cir. 1990). Under the first step of the <u>Beechum</u> analysis, the Court finds that the evidence is relevant to an issue other than Jacobs's character. The Government anticipates that Jacobs will dispute knowledge, intent, and/or mistake in connection with the charged offenses. <u>See</u> Record Document 53 at 1. Both the prior incident and the charged conduct involve allegations of constructive possession of firearms by a convicted felon. Additionally, the offenses occurred approximately 3 months apart. Thus, the Court finds that the prior incident has a tendency

to make it more probable that Jacobs knowingly possessed a firearm and did not do so by mistake or accident.

The Court is also satisfied that the Government has proffered sufficient evidence from which a jury could reasonably conclude that the prior act occurred and that Jacobs was the actor, including anticipated testimony from the law enforcement officer involved in the traffic stop and subsequent investigation. See Record Document 84 at 3.

Under the second step of Beechum, the Court finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403. The prior incident is similar in kind to the charged conduct because both involve alleged possession of firearms by a convicted felon. Moreover, the temporal proximity between the offenses further supports the probative value of the evidence. While Defendant raises concerns regarding the presence of other occupants and the location of the firearms, those arguments go to the weight of the evidence rather than its admissibility. The Court further notes that any potential for unfair prejudice can be mitigated through an appropriate limiting instruction to the jury.

### CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that the challenged other crimes/other acts evidence is **ADMISSIBLE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of May, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT